Scott, J.
The question in 'this case is: Do the facts stated in the second amended answer constitute a defense to the action of the plaintiffs below ? The answer does not allege that the agreement relied on as a defense, expressly provided for the discharge of Ward & Co. from their liability as makers of the notes in suit. Nor do we understand the pleader as intending to charge that the parties to that agreement contemplated or designed to provide thereby for such discharge. Had such been the ground of defense, it is.at least strange that we find in this third answer no allegation to that effect, especially as the record shows that' in the first trial of the cause, under the second answer, the defense failed by reason of a charge from the court precisely similar to the one now complained of. To make such an agreement a good defense, it would have-been wholly unnecessary to aver (as this answer does) that it was made “ without the knowledge or consent of Ward & Co.” For an agreement, intended to provide for their discharge, would not be less effective in their favor because they were parties consenting to it. It is claimed, however, in argument, that the agreement of Wick Brothers & Co. to “protect and take up the notes,” imports an obligation to pay the debt which was evidenced by them, so as to discharge all the parties to the paper from further liability thereon. Such might be a fair ^construction of the agreement had it been made by a stranger to the notes. But it was made by Wick Brothers & Co., who were the immediate indorsees of the paper to the parties then holding it; and the agreement was that this indorser should take up the notes and give to prior indorsers further *153 time for their payment. It is clear, therefore, that these prior indorsers (the Porters) were not to be discharged from liability; and wo see no ground for the inference that the parties intended by their agreement to affect, in any respect, the rights or obligations of the makers, who were not parties to the agreement, and as to whom nothing was said. As we understand the statements of the .answer, Wick Brothers & Co., having all the rights, and being under all the obligations of indorsers, agreed, as such, to satisfy the ■claim of the holder, and re-obtain the possession and control of the notes for the purpose of enabling them to give further time for their payment to antecedent parties. And this is quite different from an agreement to discharge antecedent parties.
But the theory of the defense, as disclosed by the answer, seems to be this: That the legal effect of the alleged agreement, and the subsequent acts of the parties pursuant thereto, was to discharge Ward & Co. from their liability as makers of the notes. This effect is supposed to result from the character of the agreement, from the fact that Ward & Co. were known to be accommodation makers, and that the agreement was entered into without their knowledge or consent. It is said the agreement was that Wick Brothers & Co. should take up the notes “ and give W. & C. F. Porter time for the payment of the amount due on them beyond the day of their maturity.” Now, if it be conceded that the accommodation character of this paper gave to the Porters, in equity, the position of principals, and to Ward & Co. that’ of sureties, yet, is any valid contract shown to have been made for the extension of the time of payment by the principal so as to discharge the surety ? To have that effect, it must not only be founded on a good consideration, but it must also be definite in its terms; “ such a one as the principal debtor could enforce, and which would tic up the hands of the surety; prevent him from paying his principal’s debt, stepping *into the shoes of his creditor, and prosecuting the principal debtor himself.” Jenkins v. Clarkson, 7 Ohio (pt. 1), 72. The agreement here was to give time for payment beyond the day of maturity of the notes. Without such agreements, no action could have been brought on them till after maturity. By its terms, how much longer was the creditor bound to wait ? Such a stipulation is void for uncertainty; it amounts to nothing more than a general promise of indulgence, and can tie up the hands of no one.
It is further said, by way of defense, that Wick Brothers & Co. *154 paid these notes shortly after their maturity, without having had their liability as indorsers fixed by notice of dishonor in duo season. But that laches of the holder they might waive, if they thought proper. It was a question between them and the holder, and which did not concern the antecedent parties. As their liabilities could not, by such payment, be revived if previously extinguished, so neither could they be thereby discharged if previously fixed.
And that the defendants in error took a mortgage from William Porter as a security in part for the payment of these notes, can furnish no reasonable ground of complaint to plaintiffs in error. On the contrary, if compelled to pay the notes, this security will inure to their benefit when seeking reimbursement from the Porters.
We see no error in the charge of the common pleas, and therefore affirm its judgment.
Day, C. J., and White, Welch, and Brinkerhoee, JJ., concurred.